IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–01885–LTB–KMT

EASTERN COLORADO SEEDS, LLC, a Colorado limited liability company,

    Plaintiff,

v.

AGRIGENETICS, INC., d/b/a MYCOGEN SEEDS,

    Defendant.

## ORDER

This matter is before the court on "Defendant Agrigenetics, Inc.'s Motion to Compel Plaintiff to Respond to Discovery Requests" ("Mot.") [Doc. No. 47]. "Plaintiff's Response to Defendant's Motion to Compel" ("Resp.") [Doc. No. 50] was filed on May 7, 2020, and Defendant's Reply [Doc. No. 51] was filed on May 18, 2020.

### *BACKGROUND*

Plaintiff did not refute the timeline set forth by Defendant concerning the discovery at issue here. Agrigenetics, Inc. d/b/a Mycogen Seeds ("Mycogen") served its First Set of Requests for Admission, Requests for Production, and Interrogatories on Plaintiff on January 30, 2020. (Mot., Ex. A, B and C.) Plaintiff's responses to Mycogen's Discovery Requests were originally due on March 2, 2020. *See* Fed. R. Civ. P. 33, 34, and 36.

On March 2, 2020, Plaintiff requested a one-week extension of time to serve its responses, to which Mycogen agreed. Plaintiff's responses became due March 9, 2020. (*Id.*, Ex. D.) On March 9, 2020, Plaintiff informed Mycogen that it anticipated producing its discovery responses the next day, on March 10, 2020. (*Id.*, Ex. E.) Plaintiff failed to provide responses. On March 11, 2020, Mycogen began inquiring of Plaintiff to check on the status of its discovery responses (*id.*, Exs. F, G, H, and I), and finally, on March 27, 2020, Plaintiff responded by stating, "Mr. Smith's wife has been having some health issues and he may be indisposed for most of the day. I will send our responses as soon as I can." (*See id,* Ex. I.) Plaintiff and Defendant engaged in several telephone calls on March 27 and April 1, 2020, and Defendant represents that Plaintiff, through counsel, again assured Defendant it would respond to the discovery, but as of the date of the filing of the motion, May 7, 2020, had not done so. (Mot. at 3.)

In his Response, Plaintiff offered the court no explanation for its discovery failure, stating only that "mitigating circumstances exist which prevented Plaintiff from complying with Defendant's discovery requests in a timely manner," along with an offer to explain the circumstances at a hearing "if necessary." (Resp. at 2.) Plaintiff represented to the court that it would respond to the outstanding discovery by no later than May 14, 2020. (Resp. at ¶ 3.) According to Defendant in its Reply, no responses had been received by Plaintiff as of May 18, 2020, when the Reply was filed. (Reply at 1.)

*ANALYSIS*

Defendant moves to compel discovery and for sanctions. Pursuant to Fed. R. Civ. P. 37(d)(1)(A)(1), "The court where the action is pending may, on motion, order sanctions if: . . .

(ii) a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(3) allows for sanctions as listed in Rule 37(b)(2)(A)(i)-(vi).

Additionally, Fed. R. Civ. P. 36(a)(3) provides, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

A motion under Rule 37 may be brought if

> (i) a deponent fails to answer a question asked under Rule 30 or 31; . . .
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B); *Ultegra Fin. Partners, Inc. v. Marzolf*, No. 19-CV-00038-MSK-MEH, 2019 WL 8348320, at *1 (D. Colo. Nov. 26, 2019). Fed. R. Civ. P. 37(a)(5)(A) provides that if a litigant is required to seek court intervention to obtain discovery responses by prosecuting a successful motion to compel, the offending party will be required to pay the costs for such unnecessary litigation, stating,

> (5) Payment of Expenses; Protective Orders.
>   (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>     (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>     (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>     (iii) other circumstances make an award of expenses unjust.

3

*Id.* Under this provision, if the court ultimately orders a party to produce discovery and the party remains unresponsive, Rule 37(b)(2)(A) authorizes a court to sanction a party for failure to comply with the discovery order in numerous ways listed in Rule 37(b)(2)(A)(i)-(vi).

"Determination of the correct sanction for a discovery violation is a fact-specific inquiry, and in making such a determination trial courts are accorded broad discretion." *Gates Rubber Co. v. Bando Chem. Indust., Ltd.*, 167 F.R.D. 90, 102 (D. Colo. 1996) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) (internal quotation marks and further citation omitted)). A court's discretion is guided by choosing a sanction that is both "just" and "related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 695, 707 (1982).

The court has reviewed the Defendant's discovery requests attached to its Motion. (Mot., Exs. A, B and C.) This court finds, based on the undisputed facts set forth in the parties' briefing, that Plaintiff has failed to produce discovery responses in spite of repeated requests by Defendant over the course of three months' time. The motion contains the required certification of conferral, and the attachments to the Motion show that Defendant made repeated attempts to get the responses to discovery from Plaintiff prior to filing. There is no justification for the failure to respond either in the missives from Plaintiff's counsel or the page and a half, four paragraph Response, much less a reasonable one.[1] (See Resp.)

---

[1] No party has referenced the response to the current Covid-19 pandemic as bearing on Plaintiff's ability to timely respond to discovery. Since the discovery responses were due before the closings of businesses and other disruptions caused by the spread of the virus, the court does not find that the pandemic is related to the failures in this case.

Given the stark clarity of the discovery violations and the absence of any justification by Plaintiff, the court finds that a hearing would be a waste of judicial resources and that the matter should be resolved on the papers.

The court further gives notice to the plaintiff that refusal to obey an order to produce discovery could result in dismissal or a recommendation for dismissal of this action after considering such factors as "(1) the degree of actual prejudice to the [non-offending party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the [offending] party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920–21 (10th Cir. 1992). *See also Norouzian v. Univ. of Kansas Hosp. Auth.*, 438 F. App'x 677, 680 (10th Cir. 2011) (applying the *Ehrenhaus* factors and upholding district court's dismissal of action under Fed. R. Civ. P. 37 as a sanction after *pro se* plaintiff repeatedly ignored court orders to participate in discovery); *Lewis v. Erikson*, No. 17-CV-03154-RM-NYW, 2019 WL 7630634, at *2–3 (D. Colo. Dec. 13, 2019), *report and recommendation adopted,* No. 1:17-CV-03154-RM-NYW, 2020 WL 364566 (D. Colo. Jan. 22, 2020)

It is **ORDERED**

"Defendant Agrigenetics, Inc.'s Motion to Compel Plaintiff to Respond to Discovery Requests" [Doc. No. 47] is **GRANTED**. The hearing scheduled for June 1, 2020 is **VACATED**.

It is further **ORDERED**

1. The Plaintiff shall respond to Defendant's Interrogatories and its Requests for Production of Documents [Doc. No. 47-2 at 1-9 and 47-3 at 2-11] **by no later than June 5, 2020.**

2.      Defendant's Requests for Admission numbered 1–24 in "Defendant's First Set of Requests for Admission to Plaintiff Eastern Colorado Seeds" [Doc. No. 47-1] are hereby deemed **ADMITTED**.

3.      Defendant is awarded its reasonable expenses incurred in making the Motion, including attorney's fees and including its time and costs in compiling a submission of expenses for the court's review.  The expense submission will be filed **on or before June 19, 2020**.

Dated May 28, 2020.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge